## UNITED STATES v. SMITH.

District Court, D. Nebraska, Norfolk Division. December 27, 1928.

### No. 332.

927

Ambrose C. Epperson, Asst. U. S. Atty.,
of Omaha, Neb.

Abbott, Dunlap & Corbett, of Fremont,
Neb., for defendant.

WOODROUGH, District Judge (after
stating the facts as above). The defendant
was the Singer Sewing Machine agent at

the Norfolk, Neb., branch house. It is claimed that in the course of his employment he collected money on machines sold in the territory and embezzled the proceeds of various of the sales; and to cover up the embezzlements, he reported sales to fictitious persons, and mailed in sales contracts forged with the fictitious names, and also intercepted letters mailed by the company to such fictitious persons. It was stated in argument that he had been accused in the state court and acquitted, and this is the second indictment against him in the federal court in regard to the same matters. The first indictment here was quashed and he challenges the jurisdiction of this court to put him in jeopardy on this one. What the prosecutor has tried to do in this indictment is to charge the criminal acts of the defendant as a scheme to defraud and to hold him under section 215 of the federal Criminal Code for mail fraud. To that end the pleader charges that the defendant devised a scheme to defraud his company by means of false and fraudulent pretenses and representations, and mailed certain letters for the purpose of executing the scheme.

The hundreds of decisions under Cr. Code § 215 (18 USCA § 338) leave no doubt that by its provisions the jurisdiction of the federal government over crimes has been vastly extended. The language of the section is broad and comprehensive, and the purpose is constitutional. Still it does not sweep away all state power to effectually and finally acquit an accused person of at least some of the crimes on the calendar. The Congress has not said that every one who attempts to or does commit any crime and uses the mails to further or conceal it shall be amenable to the federal jurisdiction. The phrase "scheme to defraud and for obtaining money" has limitations, notwithstanding that some element of deceit and fraud does enter into either the perpetration or the attempt to escape from the consequences of almost any crime that can be imagined. When Cain slew his brother Abel, he answered inquiry with equivocation which smacks of fraud. Yet I would be surprised to hear it argued that his transgression was a scheme to defraud.

So, when this indictment is analyzed, it sticks out that the defendant's claimed offense is embezzlement and using the mails to cover it up. His offense is therefore cognizable by the state and not the federal government, and, if it be true that he was acquitted, there ought to be an end of it.

I am not unmindful of the allegations to the effect that the defendant was mailing false reports and statements to his employer in order to hold on to his job, so that more of his employer's property or money would come into his hands and so he would be enabled to and would embezzle further from time to time and still continue to hide his guilt. These must be disregarded as mere subtleties insufficient to turn acts of embezzlement and concealment thereof into a scheme to defraud. Of course an agent who has embezzled fears both the justice of the state and the anger of his employer. In a certain sense he hides his crime to hold his job. Equally, of course, an embezzlement temporarily concealed by falsehoods leads directly to others if for nothing else than to repay enough to keep the earlier ones from being discovered. This indictment fairly implies that such were the happenings here and nothing else. Possibly, then, as to some particular sewing machines he caused to be sent to him the defendant may have schemed to defraud, but the effort to identify the total of his several crimes as a single scheme is too specious to stand up.

I am satisfied that the indictment is void on two technical grounds. Considered as a charge of devising a scheme to defraud, it is too vague and uncertain to inform the defendant of the nature and cause of the accusation. It is obvious that the agent did not intend to embezzle all the sewing machines sent to the agency or to forge all the sales and rental contracts or to falsify all his reports. His criminal conduct concerned only certain particular ones of the items of business with which he had to do. Yet there is no way of telling from the indictment what transactions are going to be brought forward on the trial. He was the agent for a number of years and had many dealings. This form of charge fails to apprise him what transactions are to be singled out on the trial and made the basis of the prosecution. Despite all circumlocution, the real intendment is that from time to time, while he was working for the company as its agent, the defendant embezzled one or another item of property or collection and then tried to hide it. He ought not to be put upon his trial therefore except upon a charge that clearly identifies the transactions intended to be relied on.

The second technical ground is that the defendant did not use the mails to obtain the goods or moneys of his employer, but solely to hide the fact that he had converted them. There is no intimation that he had gotten the agency through any fraud. The burden is that, being the agent and having obtained the goods and moneys in that capacity, he em-

bezzled them, and, having embezzled, made false representations to hide it.

But the real vice of the indictment lies deeper. It is really a subterfuge to avoid the limitations set by the statute on federal jurisdiction and to encroach upon and override the lawful authority of the state. As the great array of mail fraud prosecutions that have been sustained in the federal courts are reviewed, it will be found in every case that there was a definite scheme and letters to execute a scheme, clearly distinguishable from a crime committed and letters to hide and cover it up. It is a distinction of very far-reaching importance, and ought to be scrupulously regarded by prosecutors. The courts must scrutinize carefully the substance of the charge as well as the mere form in which it is beclouded, and, where it appears as in this case that the jurisdiction is in the state and not the federal government, the accused should not again be put in jeopardy.

The indictment should be quashed.